UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PHOENIX ENTERTAINMENT PARTNERS, LLC,**

      Plaintiff,

v.                                                    Case No:   6:16-cv-80-Orl-31DCI

**ORLANDO BEER GARDEN, INC.,**

      Defendant.

**ORDER**

This matter comes before the Court on the Objection (Doc. 37) to the Report and Recommendation (Doc. 36) of the Magistrate Judge. After *de novo* review, the Court will affirm and adopt the Report and Recommendation.

**I.    Background**

The instant case involves a trademark dispute between Phoenix Entertainment Partners, LLC ("Phoenix Entertainment"), which holds the trademark for Sound Choice (a brand of karaoke accompaniment music tracks), and Orlando Beer Garden, Inc. ("OBG"), which operates a tavern. Phoenix Entertainment contends that OBG hired Diane Calo to provide karaoke services at its tavern and that, while doing so, Calo improperly displayed the Sound Choice mark.

On January 19, 2016, Phoenix Entertainment filed the instant suit, asserting claims for trademark infringement, unfair competition, and violations of the Florida Deceptive and Unfair Trade Practices Act against both OBG and Calo. (Doc. 1). All of the claims were based on Calo's allegedly wrongful display of the Sound Choice mark. On March 9, 2016, Phoenix

Entertainment notified the Court that it had settled with Calo.  (Doc. 14).  The claims against Calo were dismissed on March 11, 2016.  (Doc. 15).

Around this same time, Phoenix Entertainment sought a default judgment against OBG, which had not filed an answer.  On March 30, 2016, Magistrate Judge Baker filed a Report and Recommendation in which he recommended that the motion for default judgment (Doc. 13) be denied.  (Doc. 16 at 9).  Magistrate Judge Baker based his recommendation on his determination that there were no allegations in the Complaint that OBG had itself improperly displayed the mark, and the Complaint did not contain sufficiently detailed factual allegations to hold OBG vicariously liable for any infringement by Calo.  Phoenix Entertainment did not object to the Report and Recommendation.  Instead, it filed an Amended Complaint (Doc. 17) on April 13, 2016.  On June 2, 2016, Phoenix Entertainment again moved for a default judgment against OBG.  (Doc. 24).  The matter was again referred to Magistrate Judge Baker, who held an evidentiary hearing on August 15, 2016.  On September 16, 2016, he again recommended the Court deny the Plaintiff's motion for default judgment.

**II.     Legal Standard**

A district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition, by a judge of the court, of certain motions, including dispositive motions.  28 U.S.C. §636(b)(1).  To challenge the magistrate judge's findings and recommendations, a party must file written objections that specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989).  Upon receipt of objections meeting this specificity requirement, the district judge must make a *de novo* determination of those portions of the report

to which objection is made and may accept, reject, or modify in whole or in part, the magistrate judge's findings or recommendations.  *Id.*

### III.   Analysis

As was the case with the Plaintiff's first effort to obtain a default judgment against OBG, Magistrate Judge Baker concluded that the second Motion for Default Judgment (Doc. 24) should be denied because the factual allegations of the operative pleading – in this instance, the Amended Complaint (Doc. 17) – were insufficient to hold OBG vicariously liable for the trademark infringement allegedly committed by Calo.  (Doc. 36 at 10).  Quoting case law provided by the Plaintiff in its motion, Magistrate Judge Baker pointed out that vicarious liability for trademark infringement

> requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.

(Doc. 36 at 10) (quoting *RGS Labs Intern., Inc. v. The Sherwin-Williams Co.*, 2010 U.S. Dis. LEXIS 8339, at *3 (S.D. Fla. Jan. 11, 2010)).  Magistrate Judge Baker noted that Phoenix Entertainment was arguing that it had alleged, in the Amended Complaint, that OBG should be held vicariously liable because it "had the ability to exercise control over the use of infringing products, … had knowledge that infringing products were being used to provide services, and … derived a direct financial benefit from the use of the infringing products."  (Doc. 36 at 10).  In Magistrate Judge Baker's view, however, the pertinent allegations relied upon by the Plaintiff all purported to alle*ge "generalized legal conclusions of agency or partnership, without any supporting facts."  (Doc. 36 at 10).  He described the allegations as "not only conclusory, [but] contradictory."  (Doc. 36 at 10).  Moreover, he found that Phoenix Entertainment had not presented any evidence regarding the relationship between OBG and Calo to support the

allegations of the Amended Complaint.  (Doc. 36 at 10).  After analyzing the various allegations and finding them to lack a sufficient factual predicate, Magistrate Judge Baker concluded that, "[a]bsent a showing that Calo was [OBG]'s partner or agent, or that they exercised joint ownership or control over the infringing product (the karaoke display of the mark), Plaintiff's motion is due to be denied to the extent it seeks a judgment based on vicarious liability."  (Doc. 36 at 13).

In its objection to the Report and Recommendation, Phoenix Entertainment argues that "[t]he pleadings and the record demonstrate that Defendant has control over the karaoke equipment, namely by its ability to control who can perform what services at its venue."  (Doc. 37 at 3).  The Plaintiff then goes on to assert that

> there can be no question that the venue (Orlando Beer Garden) controls its agents (waitresses, bartenders, karaoke service providers, etc.) in connection with the services that are provided to benefit Orlando Beer Garden (food, beverage, and entertainment). The same is true for an agent engaged by Orlando Beer Garden for the purposes of providing karaoke services (entertainment) for the benefit of increasing Orlando Beer Garden's food and beverage sales.

(Doc. 37 at 3).  This argument is based on an assumption that Calo was OBG's agent.  While the Amended Complaint contains numerous assertions to that effect, as noted by Magistrate Judge Baker, those assertions are entirely conclusory:

> [T]o establish an agency relationship under Florida law, a plaintiff "must prove that (1) the principal acknowledges that the agent will act for it; (2) the agent accepts the undertaking; and (3) the principal controls the actions of the agent."  *Ins. Co. of N. Am. v. Am. Marine Holdings, Inc.,* No. 5:04-CV-86OC10GRJ, 2005 WL 3158049, at *6 (M.D. Fla. Nov. 28, 2005) (collecting cases).  "A key element in establishing an agency relationship is that of control."  *Chase Manhattan Mortg. Corp. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A.,* 694 So.2d 827, 832 (Fla. 4th DCA1997).  **Here, there is no factual predicate alleged or introduced in evidence to support a finding that Beer Garden acknowledged Calo as its agent, or that Beer Garden controlled Calo.**

(Doc. 36 at 12) (emphasis added).   Phoenix Entertainment does not take issue with Magistrate Judge Baker's assessment of Florida agency law or point to any allegations or evidence that he overlooked.   Accordingly, the Court agrees with Magistrate Judge Baker's conclusion that OBG cannot be held vicariously liable for trademark infringement based the allegations of the Amended Complaint.   The Plaintiff's objection will be overruled.[1]

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Plaintiff's objections (Doc. 37) are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge (Doc. 36) is **ADOPTED, CONFIRMED, AND MADE A PART HEREOF.**   And it is further

**ORDERED** that the Motion for Default Judgment (Doc. 24) is **DENIED.**

Should the Plaintiff wish to file another amended pleading, it must do so on or before November 1, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2016.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Phoenix Entertainment also disputes Magistrate Judge Baker's determinations that (1) a particular letter did not constitute a "cease and desist" letter and (2) that Phoenix Entertainment must set off any payment it received from Calo against any damages it might be awarded against OBG.  (Doc. 37 at 3-6).   As the determination regarding vicarious liability renders these objections moot, the Court will not consider them here.